UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Wayne E. Tysver,

Plaintiff,

vs. MINUTE ORDER

United States Government,

Defendant. Civ. No. 02-845 (DWF/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 10th day of April, 2003.

* * *

On April 9, 2003, the Court heard argument on the Government's informal request for a clarification of the Court's Pretrial Schedule. Inadvertently, our Scheduling Order failed to address the Government's request for expert disclosure dates of January 1, 2003, for the Plaintiff's experts, and February 1, 2003, for the Government's. For these purposes, the Plaintiff appeared by Robert O. Blatti, Esq., and the Government appeared by Patricia R. Cangemi, Assistant United States Attorney. For reasons which follow, the Court will allow the Government to challenge the substance of the Plaintiff's expert disclosures within the current deadline for nondispositive Motions.

12

FILED APR 10 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

We concede, at the outset, that the error which draws the parties to the Court is attributable to our inadvertence in drafting the Scheduling Order, for we plainly overlooked the Government's request for expert disclosure deadlines. While the Plaintiff requested no such dates, he served expert disclosures upon the Government on April 1, 2003. Apparently, in the absence of such disclosure dates, the Plaintiff timed his disclosures by the default provisions of Rule 26(a)(2)(C) -- that is, "90 days before the trial date or the date the case is to be ready for trial." Our Scheduling Order set the "Ready for Trial" date as July 1, 2003. Upon receiving the Plaintiff's expert disclosures, counsel for the Government was alerted to the Court's error.

In addressing a proper remedy, the Government advised that it did not intend to produce any expert disclosures, but was uncertain as to the time within which it could challenge the substance of the Plaintiff's expert disclosures.[1] We advised the parties that non-

[1]The Government also noted that, on April 1, 2003, the Plaintiff disclosed an economics expert. Given the unique circumstances presented here, we are unable to consider the disclosure untimely, as we set no date for that disclosure, and the Plaintiff satisfied the default disclosure date. Since discovery closed on April 1, 2003, we will afford the Government an opportunity to depose the Plaintiff's economist, if that should be the Government's desire, and that discovery should be completed on or before May 1, 2003. If the Government should then intend to challenge the substance of the economist's opinions, then the same deadline, that we have set for challenges to the Plaintiff's treating physician, shall apply.

dispositive Motions must be filed and heard before May 1, 2003. Upon further reflection, however, the District Court may regard the Plaintiff's Motion as requesting a Daubert Hearing, see, Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993), or its equivalent, or may otherwise regard the Motion as one in limine. Accordingly, counsel should contact the Calendar Clerk to the District Court for the purpose of determining whether the District Court would prefer to hear the Motion, or refer it to this Court. In either event, we would consider the dispositive Motion date, currently set for June 1, 2003, as the appropriate date by which any such Motion should be filed, and the Hearing thereon completed, absent a different date prescribed by the District Court.

NOW, THEREFORE, It is --

ORDERED:

That the Government shall have until June 1, 2003, by which to file, and have the Hearing completed, on any Motion challenging the substance to the Plaintiff's expert disclosures.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE