UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Wayne E. Tysver,

Plaintiff,

v. ORDER

United States,

Defendant. Civ No. 02-845 (DWF/RLE)

* * * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 3rd day of June, 2003.

## I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(A), upon the Defendant's Motion to Strike/Limit Expert Testimony.

A Hearing on the Motion was conducted on May 8, 2003, at which time, the Plaintiff appeared by Robert O. Blatti, Esq., and the Defendant appeared by Patricia R. Cangemi, Assistant United States Attorney. For reasons which follow, we deny the Motion to Strike/Limit Expert Testimony.

## II. Factual Background

This is a personal injury action, in which the Plaintiff alleges that he fell while mounting a flight of wooden steps lead-

FILED JUN 3 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

ing into the United States Post Office in Walker, Minnesota. The Plaintiff asserts that one of the wooden steps broke, as a result of the Defendant's negligence, and that, as a result, he has suffered permanent injuries. To prove the extent of his injuries, both physical and economic, the Plaintiff intends to offer the testimony, at Trial, of two expert witnesses. The Plaintiff intends to call Dr. Paul S. Estenson, an economist, and Dr. Lisa Putney, who is the Plaintiff's treating physician. The Defendant seeks to strike, as untimely, the testimony of Dr. Estenson, and to limit the scope of Dr. Putney's testimony.

## III. Discussion

### A. The Motion to Strike Dr. Estenson's Testimony.

The Defendant argues that the Plaintiff failed to timely disclose Dr. Estenson's expert report and, therefore, it seeks to strike the testimony of Dr. Estenson. Through an inadvertent oversight, we omitted an expert disclosure deadline from our Pretrial Scheduling Order and, as a consequence, the default disclosure provision, which is provided by Rule 26, Federal Rules of Civil Procedure, governs the disclosure of the Plaintiff's experts in this case. Rule 26(a)(2)(C) provides that "the disclosures shall be made at least 90 days before the trial date or the date the case is to be ready for trial." The "Ready for Trial" set by our Pretrial Schedule, is July 1, 2003 and, therefore, the Plain-

tiff's expert disclosures were due 90 days before that date -- that is, on April 1, 2003.

The Plaintiff represents that he disclosed Dr. Estenson, as an expert, on March 31, 2003, but he concedes that he did not provide the Defendant with Dr. Estenson's expert report until April 25, 2003. The Defendant argues that, even though the identity of the Plaintiff's expert was timely disclosed, the disclosure of Dr. Estenson's expert report was untimely, and therefore, the untimely disclosure should be stricken. Rule 26 requires expert disclosures to include: 1) the identity of the expert; 2) and a written report prepared and signed by the expert. See, Rule 26(a)(3), Federal Rules of Civil Procedure. Since the Dr. Estenson's report was not disclosed before April 1, 2003, the report is untimely.

Rule 37(c)(1), Federal Rules of Civil Procedure, allows the exclusion of an expert's opinion, among other remedies, if disclosures are not timely made.[1] As we have previously explained, however:

[1]Rule 37(c)(1) provides, in pertinent part, as follows:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

> While sanctions under Rule 37(c)(1) are mandatory, * * * exclusion of evidence should not apply if the offending party's failure was 'substantially justified,' or if the failure was 'harmless.'" Transclean Corp. v. Bridgewood Services, Inc., [77 F. Supp.2d 1045,] 1064 [(D. Minn. 1999)]. These exceptions to Rule 37(c)(1)'s imperative serve "to avoid unduly harsh penalties" that may result from an inflexible application of the Rule. Id., citing Rule 37(c), Federal Rules of Civil Procedure, Advisory Committee Notes -- 1993 Amendments. In determining whether the automatic exclusion provisions of Rule 37(c)(1) should apply, the Court should consider the following four factors in assessing the substantiality of any proffered justification for the failure to disclose, as well as the harmlessness of that failure: 1) the importance of the excluded material; 2) the explanation of the party for its failure to comply with the required disclosure; 3) the potential prejudice that would arise from allowing the material to be used at Trial, or on a Motion; and, 4) the availability of a continuance to cure such prejudice. See, Transclean Corp. v. Bridgewood Services, Inc., supra at 1064, citing Citizens Bank v. Ford Motor Co., 16 F.3d 965, 966 (8th Cir. 1994); Millen v. Mayo Foundation, 170 F.R.D. 462, 465 (D. Minn. 1996); see also, Trilogy Communications, Inc. v. Times Fiber Communications, Inc., 109 F.3d 739, 744 (Fed. Cir. 1997).

Engleson v. Little Falls Area Chamber of Commerce, 210 F.R.D. 667, 669 (D. Minn. 2002), citing Transclean Corp. v. Bridgewood Servs., Inc., 101 F. Supp.2d 788, 795-96 (D. Minn. 2000).

While, under the governing law, we could exclude the opinion of Dr. Estenson as untimely -- which is the remedy the Defendants ask us to impose -- we will not do so if "the failure to meet a deadline was either harmless or substantially justified," Firefighters' In-

stitute For Racial Equality v. City of St. Louis, 220 F.3d 898, 902 (8th Cir. 2000), and, here, we find that the Plaintiff's failure was substantially justified, and harmless.

Notably, this is not the first occasion on which we have considered the timeliness of the Plaintiff's expert disclosures. On April 9, 2003, the parties, taking advantage of our "open door" policy, brought an informal request for clarification of our Pretrial Schedule. The next day, on April 10, 2003, we issued a Minute Order, in which we acknowledged that, inadvertently, we had failed to address the Defendant's request for an expert disclosure deadline of January 1, 2003, as to the Plaintiff's experts, in our Pretrial Schedule. In that Order, referring to the Plaintiff's disclosure of Dr. Estenson, we stated that, "[g]iven the unique circumstances presented here, we are unable to consider the disclosure untimely, as we set no date for that disclosure." Thus, we find that the Plaintiff's delay in disclosing Dr. Estenson's expert report is justified.

Further, in our Order of April 10, 2003, we expressly allowed the Defendant to challenge the substance of the Plaintiff's expert disclosures, within the current deadline for dispositive Motions, which expired on June 1, 2003. We also offered to amend the Pretrial Scheduling Order so as to remove any prejudice, or harm, to the Defendant by the Plaintiff's untimely disclosures. The Defen-

dant, however, declined these offers and, therefore, the Defendant cannot now claim harm arising from the untimeliness of the report of Dr. Estenson. Moreover, the Defendant's bare assertion of prejudice is unsupported, and could be rendered harmless by allowing the remedies that we had proposed, and that the Defendant had declined. Accordingly, the Defendant's Motion to Strike Dr. Estenson's testimony is denied.

B. The Motion to Limit Dr. Putney's Testimony.

The Plaintiff represents that he intends to offer the testimony of Dr. Putney to demonstrate that the fall he suffered "substantially exacerbated the plaintiff's preexisting back impairments." Memorandum Opposing Defendant's Motion to Strike/Limit Expert Testimony, at 2. While the Defendant concedes that the testimony of Dr. Putney, as the Plaintiff's treating physician, falls outside the framework of the Rule 26 disclosures, the Defendant seeks to reserve the right to challenge the substance of the Dr. Putney's testimony. The Defendant relates that it brings its Motion with respect to Dr. Putney "under a Daubert philosophy." Memorandum in Support of Motion to Limit/Strike Expert Testimony, at 3; see also, Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993). The Defendant, however, has failed to demonstrate the shortfalls of Dr. Putney's proposed expert testimony and, resultantly, we are unable to rule on the admissibility of such opinion

testimony. We are confident that, should Dr. Putney's background, training, and experience, provide insufficient foundation for the medical opinions the Plaintiff will proffer, the Defendant can draw those deficiencies to the attention of the Trial Court through a voir dire of the witness, or through a Motion in limine. On the present Record, therefore, we deny the Defendant's Motion to limit the expert opinion evidence of Dr. Putney.

NOW, THEREFORE, It is --

ORDERED:

That the Defendant's Motion to Strike/Limit Expert Testimony [Docket No. 15] is DENIED.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE